# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RALPH STEPHEN COPPOLA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SECOND JUDICIAL DISTRICT COURT et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 3:16-cv-00397-RCJ-WGC <br><br> **ORDER** |

This pro se action arises out of the failure of the Second Judicial District Court in Reno, Nevada, as well as three judges thereof, to extend certain deadlines in Plaintiff's civil action based on his disability in alleged violation of Title II of the Americans with Disabilities Act ("ADA"). Pursuant to screening under 28 U.S.C. § 1915, the Magistrate Judge has recommended dismissing the judges with prejudice based on judicial immunity but permitting the action to proceed against the Second Judicial District Court based on *Lane v. Tennessee*, 541 U.S. 509 (2004) (holding that Congress unambiguously and validly abrogated the states' Eleventh Amendment immunity via Title II of the ADA and permitting a claim to proceed against a state court).

The Court agrees that the judges should be dismissed but respectfully disagrees that the action should proceed against the Second Judicial District Court. The acts of which Plaintiff complains, i.e., the refusal to extend certain deadlines, were judicial acts by the immune judges.

The only administrative act complained of potentially attributable to the Second Judicial District Court as a separate entity is its alleged failure to make available a "Title II-8.4000 Notice," presumably referring to the notice suggested under section II-8.4000 of the Title II Technical Assistance Manual promulgated by the Department of Justice.[1]  But Plaintiff has identified no provision of Title II (or Title 35 of the Code of Federal Regulations) that this alleged failure violated.  It is clear on the face of the Complaint that no harm resulted from the alleged failure under either a discrimination or reasonable-accommodation theory under 42 U.S.C. §§ 12131–12134 or applicable regulations, because Plaintiff was able to make his requests for extensions of deadlines to the judges of the Court, and the denial of those requests were immune judicial acts that cannot form the basis of an ADA claim.  This is not like a case where an ADA plaintiff is unable to participate in court proceedings due to physical barriers in the courthouse as in *Lane*. *See* 541 U.S. at 513–14 (noting that the plaintiffs in those consolidated cases were unable to access their respective courtrooms due to their disabilities).  Plaintiff by contrast does not allege any inability to access his proceedings due to his disability.  The Court also notes that it not only denies preliminary injunctive relief but cannot generally issue an injunction against the state court action absent some threat to this Court's jurisdiction. *See* 28 U.S.C. § 2283. Finally, although the Court denies the application as moot, it is far from clear that Plaintiff qualifies to proceed in forma pauperis.

---

[1] Such manuals do not have the force of law. *See, e.g.*, *Soileau v. Guilford of Maine, Inc.*, 105 F.3d 12, 15 n.2 (1st Cir. 1997).  The manual constitutes the DOJ's interpretations of its own regulations.  Those interpretations are no part of the regulations themselves, because they have not been subject to the notice and comment procedure statutorily and constitutionally necessary to give the DOJ's regulatory interpretations of the ADA the force of law. *See Perez v. Mortg. Bankers Ass'n,* 135 S. Ct. 1199, 1204 (2015) (Sotomayor, J.) ("The absence of a notice-and-comment obligation makes the process of issuing interpretive rules comparatively easier for agencies than issuing legislative rules.  But that convenience comes at a price: Interpretive rules 'do not have the force and effect of law and are not accorded that weight in the adjudicatory process.'" (quoting *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 99 (1995) (Kennedy, J.)).

**CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 3) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Application to Proceed in Forma Pauperis (ECF No. 1) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 12th day of September, 2016.

_____
ROBERT C. JONES
United States District Judge